# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  -vs-                                                                                           CRIMINAL No. 00-1488 LH

LIONEL FRANCIS REANO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes on for consideration of Defendant's Appeal from Judgment Imposed by Magistrate Judge (Docket No. 3), filed November 8, 2000. The Court, having considered the Appeal and the applicable law and otherwise being fully apprised, finds that Defendant's Appeal is well taken in part.

    After pleading guilty on June 6, 2000, to aggravated driving under the influence of alcohol on Kirtland AFB, Defendant was sentenced to thirty-days imprisonment, to be followed by one-year supervised probation. On November 1, 2000, Defendant pleaded guilty to violation of probation and was sentenced to ninety-days imprisonment and ten-months supervised probation.

    Defendant appeals the sentence imposed for violation of probation. He first argues that under New Mexico law his sentence was limited to less than thirty days for violation of probation, as the original judgment imposing thirty-days imprisonment did not indicate any deferral or suspension of sentence. *See* N.M. STAT. ANN. § 31-21-15(B) ("The court may . . . require the probationer to serve the balance of the sentence imposed or any lesser sentence. If imposition of sentence was deferred,

the court may impose any sentence which might originally have been imposed . . . .") Alternatively, Defendant maintains that the ninety-day sentence is illegal because when added to his original sentence of thirty days he will serve one hundred and twenty days, thirty days more than the maximum ninety-day sentence authorized under New Mexico law. *See* N.M. STAT. ANN. § 66-8-102(E) ("Every person under first conviction under this section [Persons under influence of intoxicating liquor or drugs; aggravated driving while under the influence of intoxicating liquor or drugs; penalty] shall be punished . . . by imprisonment for not more than ninety days . . . ."). The government has not responded to Defendant's Appeal, but apparently agrees that the cumulative total jail sentence that may be imposed is ninety days. (*See* Appeal J. Imposed Magis. Judge at ¶ 11.)

Pursuant to the Assimilative Crimes Act, 18 U.S.C. § 13, "the sentence imposed may not exceed any maximum sentence . . . that is required under the law of the state in which the crimes occur." *United States v. Thomas*, 68 F.3d 392, 394 (10th Cir. 1995)(quoting *United States v. Garcia*, 893 F.2d 250, 251-52 (10th Cir. 1989)). Thus, "if the defendant has already served the statutory maximum term of incarceration under the applicable sentencing scheme, additional incarceration would constitute an illegal sentence.'" *Id.* at 393  Additionally, "[w]hether the punishment is imposed initially or modified after a probation violation does not alter the essential character of the sentence as a consequence for a conviction." *Id.* at 395.

Under New Mexico law, a person convicted of driving under the influence of  "shall be punished . . . by imprisonment for not more than ninety days . . .; provided that if the sentence is suspended in whole or in part or deferred, the period of probation may extend beyond ninety days but shall not exceed one year." N.M. Stat. Ann. § 66-8-102(E). The Magistrate Judge initially sentenced Defendant to thirty-days imprisonment and one-year probation.  Thus, the Court finds that this sentence imposing probation after imprisonment must and does  imply suspension of sixty days of the

statutory maximum imprisonment of ninety days.  Thus, on sentencing for violation of probation, Defendant was subject to the full ninety-day maximum sentence of imprisonment, minus credit for all time served to that point.  *See Thomas*, 68 F.3d at 395 (Bureau of Prisons awards credits after defendant begins sentence; "will not presume that the Bureau of Prisons will improperly deny defendant credit for time served, but that aided by the guidance of this opinion it will promptly and properly award the credits to which defendant is entitled").  The Court agrees with Defendant, however, to the extent he maintains that he is not subject to further probation following service of the statutory maximum ninety-days imprisonment.  As none of his sentence can be deferred or suspended at that juncture, pursuant to N.M. Stat. Ann. § 66-8-102(E), he cannot then be subject to a period of probation.

**IT IS HEREBY ORDERED** that Defendant's Appeal from Judgment Imposed by Magistrate Judge (Docket No. 3), filed November 8, 2000, is **GRANTED IN PART**:

1. The Magistrate Judge's sentence of ninety-days imprisonment is affirmed, subject to Defendant being given credit for all time previously served, including ten days served prior to initial sentencing, twenty-days imprisonment upon initial sentencing, and sixteen days served prior to sentencing on the probation violation.

2. Upon completion of the statutory maximum ninety-days imprisonment, Defendant shall not be subject to any period of probation.

_____
**UNITED STATES DISTRICT JUDGE**